UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LOCAL NO. 1118 INDIANA ) | | |
| CONSTRUCTION TRADES HEALTH ) | | |
| and WELFARE TRUST FUND PAINTERS, ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| v. ) | CAUSE NO. 3:11-CV-168 | |
| ) | | |
| FORSEY CONSTRUCTION INC., ) | | |
| ) | | |
| ) | | |
| **Defendant.** ) | | |

## OPINION AND ORDER

### I. INTRODUCTION

Before the Court is the Motion to Set Aside Entry of Default filed by Defendant, Forsey Construction, Inc., on November 28, 2011, in accordance with Federal Rule of Civil Procedure 55(c). (Docket # 23). The Plaintiff, Local No. 1118 Indiana Construction Trades Health and Welfare Trust Fund Painters, has not filed a response. For the reasons given below, the motion to set aside the default will be GRANTED.

### II. FACTUAL AND PROCEDURAL BACKGROUND

This action arises under the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq., and, according to the Amended Complaint (Docket # 11), seeks the contributions the Defendant purportedly owes to the employee benefit welfare fund from June 1, 2008, to November 30, 2010.

The brief in support of the motion (Docket # 24) and the accompanying Affidavit of F. Thomas Forsey (Docket # 25) reveal that after the Defendant was served with the original

complaint (Docket # 1), counsel for the Plaintiff notified him that a Motion to Amend the Complaint had been filed but no proposed Amended Complaint was submitted to him. (Forsey Aff. ¶¶ 2-4.) Later, when the Defendant had an attorney appear, it was learned that the Motion to Amend had been granted, but still no Amended Complaint was filed. Indeed, although the June 9, 2011, Motion to Amend was granted on June 27, 2011 (Docket# 8), the Amended Complaint was not actually filed until August 26, 2011 (Docket # 11), and after the Motion for the Entry of a Default was filed (Docket # 9). Notably, the Affidavit supporting the Motion for Default recites that the Amended Complaint was served on June 10, 2011, but that is not entirely accurate because, as earlier noted, the motion was not even granted until June 27, 2011, and the Amended Complaint was not filed until two months later. In short, the Defendant never received the Court-authorized Amended Complaint until well after the default. Nevertheless, the Clerk entered a default on August 29, 2011. (Docket # 13.)

The Defendant then filed an Answer to the Amended Complaint (Docket # 21) and the present motion to set aside the default (Docket # 23). Interestingly, Forsey Construction maintains that it has paid all the contributions owed and is actually due a credit of $367.50 from the fund. In any event, the Defendant maintains that good cause has been shown to set aside the default. The Plaintiff has not filed a response to the motion and the matter is now ripe for consideration.

### III. APPLICABLE LEGAL STANDARD

Because no judgment has been entered, the Court must consider the Defendant's motion to set aside the default in accordance with Federal Rule of Civil Procedure 55(c). To succeed in obtaining the vacation of a default entry under Rule 55(c), Forsey Construction must

demonstrate: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 809-10 (7th Cir. 2007); *see also Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)); *Breuer Elec. Mfg. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982). "The test is the same for relief under either Rule 55(c) or Rule 60(b), but is more liberally applied in the Rule 55(c) context." *DiMucci*, 879 F.2d at 1495. "Whether or not to vacate a default is in the sound discretion of the district court . . . ." *Sun*, 473 F.3d at 810.

## IV. DISCUSSION

Forsey Construction invokes Federal Rule of Civil Procedure 55(c), arguing that good cause exists to set aside the entry of default. Moreover, it appears quick action was taken to have the default set aside and that a meritorious defense exists to the Amended Complaint.

Forsey Construction argues that there is good cause for vacating the entry of default. In essence, Forsey Construction cites to, without opposition, the communications it had with counsel for the Plaintiff to the effect that an Amended Complaint was forthcoming and this led to the rather sensible conclusion that they should wait until served with that document before taking any responsive action.

Federal Rule of Civil Procedure 55(c) allows defaults to be set aside for "good cause." Fed. R. Civ. P. 55(c). Rule 55(c) demands "good cause" for the judicial action itself, not for the defendant's error, and in this rule's context it is not a synonym for "excusable neglect." *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007); *Christiansen v. Adams*, No. 04-0561-DRH, 2008 WL 2511241, at *2 (S.D. Ill. June 20, 2008); *Armfield v. Key Plastics, LLC*, 1:08 CV 110,

3

2008 WL 2397684, at *1 (N.D. Ind. June 9, 2008). "Damages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case." *Sims*, 475 F. 3d at 868 (emphasis in original); *accord Hamilton v. Ill. Cent. R.R. Co.*, No. 07-0383-DRH, 2008 WL 78784, at *4 (S.D. Ill. Jan. 7, 2008); *Westerfield v. Quiznos Franchise Co., LLC*, No. 06-C-1210, 2007 WL 543449, at *3 (E.D. Wis. Feb. 16, 2007).

Here, imposing a default upon Forsey Construction is disproportionate to the minimal prejudice to the Plaintiff. Forsey Construction has shown good cause and promptly filed an Answer, so the relatively short delay after the default is unlikely to have any effect on the Plaintiff's case.

Moreover, the Seventh Circuit Court of Appeals "has a well established policy favoring a trial on the merits over a default judgment," and thus a default should only be employed in extreme situations, or when less drastic sanctions have proven unavailing, or when a party wilfully disregards the litigation. *Sun*, 473 F.3d at 811 (citations omitted). None of these circumstances are present in this instance. "[I]n general, in the absence of a showing of wilfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment." *Hamilton*, 2008 WL 78784, at *4 (collecting cases); *accord Christiansen*, 2008 WL 2511241, at *2. Accordingly, the default entered here should be set aside given the Defendant's ample showing of good cause.

Finally, Forsey Construction has alleged a series of defenses, including—apparently based on the purported credit—accord and satisfaction. (Docket # 21.) Indeed, there seems to be a fair amount of overall confusion about Forsey Construction's contributions to the fund and the amount owed, if any. In any event, because Forsey Construction has come forward with

4

some defenses and a "developed legal and factual basis" for setting aside the default, the motion will be granted. *Bluegrass Marine Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356, 359 (S.D. Ill. 2002); *see also Hamilton*, 2008 WL 78784, at *5 (citing *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994)).

## V. CONCLUSION

For the foregoing reasons, Defendant Forsey Construction's Motion to Set Aside Entry of Default (Docket # 23) is GRANTED. It is ORDERED that the entry of default (Docket # 13) against Forsey Construction is set aside.

**This matter is now set for an initial scheduling conference for January 31, 2012, at 1:00 p.m. to be held in the first floor courtroom of the E. Ross Adair Federal Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802. Counsel are to be present in person.**

Enter for this 3rd day of January, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge